IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRELL CORDAR,               No. CIV S-10-1109-CMK-P

        Petitioner,

  vs.                         ORDER

J.W. HAVILAND,

        Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole in December 2008. Petitioner has not, however, filed a complete application to proceed in forma pauperis, along with a "certification from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution" as required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases, or paid the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). Petitioner will be provided the opportunity to submit either a completed application to proceed in forma pauperis, with the required certification, or pay the appropriate filing fee. As to the certification requirement, while a copy of petitioner's prison trust account statement certified by prison officials is not required to

satisfy the requirement, such a statement will suffice.  Petitioner is warned that failure to comply with this order may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

Turning to petitioner's petition, Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.  In particular, the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  See Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

Upon review of the instant petition, the court concludes that petitioner has not exhausted state court remedies as to any of his claims.  Specifically, petitioner admits in his petition that, as of the date the petition was signed, his state court habeas action challenging the December 2008 denial of parole was still pending in the San Bernardino County Superior Court.  Because it is clear that petitioner has not yet presented his claim to the California Supreme Court, his claim is unexhausted for purposes of federal habeas corpus review.

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed, without prejudice, for failure to exhaust state court remedies.  Petitioner is again warned that failure to respond to this order may result in dismissal of the petition for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.  If petitioner agrees that this action should be dismissed without prejudice to

renewal following exhaustion of his claims in state court, he should file a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the certification required by Rule 3(a)(2), or pay the appropriate filing fee;

2. The Clerk of the Court is directed to send petitioner a new form Application to Proceed In Forma Pauperis By a Prisoner; and

3. Petitioner shall show cause, in writing, within 30 days of the date of this order why this action should not be dismissed, without prejudice, as unexhausted.

DATED: May 12, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3